UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sandra F. Strader,

    Plaintiff,

v.

Pacific Bioscience Labs Inc. d.b.a. Clarisonic,

    Defendant.

Case No.: 09CIV7902 (RMB)

Complaint

Trial By Jury Demanded

_____

    Plaintiff Sandra F. Strader ("Ms Strader" or plaintiff) by her attorney Nelson M. Stern, alleges as her complaint as follows:

## Jurisdiction and Parties

1. This Court has jurisdiction under 28 U.S.C. Section 1332 as there is complete diversity between the parties and the claim is for more than $75,000 exclusive of interest, costs and fees.

2. Plaintiff is a resident of the State of Florida and during all times relevant to this case was a resident of the State of New York, City of New York.

3. On information and belief, defendant Pacific Bioscience Labs Inc. d.b.a. Clarisonic ("Pacific" or defendant), is a corporation organized under the laws of Washington with its residence and principle place of business in Washington at 13222 SE 30th St Ste A1, Bellevue WA 98005-4459, and is in the business of developing and selling cosmetics.

4. Defendant develops and sells a skin care brush. It offers a Clarisonic System Kit,

including brush handle, brush heads for normal and sensitive skin, countertop charger cradle, and sample of daily cleanser. The company's products are used in cleansing the pores of the skin.

5. Venue lies in the judicial district because defendant did business within this judicial district.

Allegations For All Claims

6. On or about, September 1, 2007, defendant hired Ms Strader as their Territory Sales Manager for parts of NY, CT, and NJ.  Her compensation package was over $140,000 a year.   Part of her duties was to demonstrate the use of defendant's brush.

7. Ms Strader had a stellar employment record with a history of exemplary sales.

8. Plaintiff contracted with BCBS for health insurance and with Unum for Disability benefits   Defendant was aware of both of these contracts.

9. On or about, July 1, 2008, plaintiff contracted a Staph infection on her face from use of defendant's Clarisonic System Kit.

10. The infection greatly effected her sales.

11. Defendant did not offer any accommodation for plaintiff's disability.

12. On or about September 1, 2008 plaintiff became pregnant and was entitled to rights under the Federal Family Medical Leave Act.

13. From August 21-27, 2008, plaintiff requested and was granted Short Term Disability benefits from Unum after she completed a "few" days of an elimination period.

14. Unum accepted the claim, and mailed plaintiff a check.  Unfortunately  Unum wrote the wrong apartment number on the check..

15. On August 28, plaintiff returned to work.

16. Unfortunately, the infection got worse and plaintiff's doctor informed her that she had returned to work too quickly and needed to return to Short Term Disability immediately.

17. On September 16, 2008, plaintiff returned to Short Term Disability.

18. On September 17, 2008, plaintiff informed Unum to inform them she returned to Short Term Disability.

19. Unum informed plaintiff that she had to re-do the elimination period because she had returned to work more than 10 days since the original elimination period.

20. While out on Short Term Disability, plaintiff continuously called Unum and defendant, inquiring where the checks were.

21. Unum said they had mailed plaintiff's check ($9,000+) but it was returned to them because they had written the wrong apartment number.

22. Tracy at the Human Resources Department at defendant said she would call Unum to give them the correct address.

23. On October 14, 2008, Tracy from defendant's Human Resources Department told Unum that plaintiff's termination date was now September 17, 2008.

24. On October 14, 2008, during the time that the check was being returned, defendant contacted Unum and told them they decided to terminate plaintiff retroactively effective September 17, 2008.

25. Unum then called plaintiff that instead of resending the $9,000 check they canceled the check and plaintiff's benefits retroactively to September 17, 2008 based on the information defendant had given them on October 14, 2008.

26. Plaintiff inquired why they refused to comply with her doctor's instruction that

she return to Short Term Disability effective September 16.

27. Unum apologized but said they were acting on the instruction from defendant.

28. On October 14, defendant solicited plaintiff to resign as of September 17, 2008.

29. Plaintiff refused to resign as this would have cancelled her medical insurance benefits she needed to treat the Staph infection.

30. On October 14, defendant contacted BCBS to cancel plaintiff's Medical Health benefits effective retroactively back to September 17.

31. On October 14, 2008, defendant formally terminated plaintiff and fraudulently cancelled her benefits retroactively effective September 17, 2008.

32. Unum and BCBS relied on defendant's fraudulent representations to the detriment of plaintiff.

33. On or about September 17, 2008, defendant wrongfully terminated plaintiff's employment for not meeting job requirements.

34. In December 2008, plaintiff was hospitalized for 1 week, put on IV antibiotics to finally get rid of the infection which caused her to have a high risk pregnancy.

35. Plaintiff filed a complaint with the EEOC and is waiting for a Right to Sue Letter.

36. Plaintiff has been damaged.

Claim One
(Fraud)

37. The above is incorporated.

38. Defendant intentionally fraudulently represented that plaintiff's termination date was September 17, 2008.

39.     Plaintiff and third parties, including Unum and BCBS, relied on this representation to the detriment of plaintiff.

40.     Plaintiff has been damaged.

## Claim Two
(Violation of Americans With Disabilities Act ("ADA", 42 U.S.C. § 12111, *et seq)*

41.     The above is incorporated.

42.     The Defendant discriminated and is continuing to discriminate against plaintiff in violation of the ADA by terminating her employment because of her disability.

43.     Plaintiff was entitled to reasonable accommodation for her disability. Defendants failed to offer any accommodation.

44.     Plaintiff retained the undersigned counsel to prosecute her ADA claim.

45.     Plaintiff has been damaged.

## Claim Three
(Violation of Family Medical Leave Act of 1993 (FMLA)
29 USC §2601 et seq.)

46.     The above is incorporated.

47.     Plaintiff was pregnant and protected under the FMLA.

48.     Plaintiff was entitled to leave under the FMLA.

49.     Defendant denied any leave to plaintiff.

50.     Defendant terminated plaintiff at a time when the FMLA protected her.

51.     Plaintiff has been damaged.

## Claim Four
(Sexual Discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 USC Section 2000e)

52. The above is incorporated.

53. Defendant discriminated against plaintiff based on her sex and physical appearance.

54. Plaintiff has been damaged.

Claim Five
(Tortuous Interference With Contractual Advantage)

55. The above is incorporated.

56. Plaintiff was party to contracts with BCBS and Unum.

57. Defendant was aware of the contracts.

58. Defendant intentionally, with knowledge and forethought, interfered with the performance of the contracts by *inter alia* retroactively declaring plaintiff's termination date to be September 17, 2008..

59. There was no privilege on the part of defendant to induce a breach of the contracts.

60. Plaintiff has been damaged by defendant
61.

**PENDANT STATE LAW CLAIMS**

Claim Six
(Violation of N.Y. Exec. Law Section 290 et seq.)

62. The above is incorporated.

63. Executive Law Section 296 prohibits discrimination based on disability.

64. Plaintiff was "disabled" and protected under Executive Law.

65. Defendant violated the Executive Law.

66. Plaintiff has been damaged

Claim Seven
(Violation of New York City Human Rights laws N.Y.C.
Admin. Code, Title 8, § 8-107).
)

67. The above is incorporated.

68. Plaintiff was "disabled" and protected under New York City Law.

69. Defendant violated the New York City Law.

70. Plaintiff has been damaged

WHEREFORE, plaintiffs request judgment as follows:

(a) awarding damages of $140,000,

(b) awarding emotional distress damages to be determined by the jury,

(c) awarding plaintiffs punitive damages against defendant in the amount to be determined by the Court; and

(d) awarding plaintiff attorneys fees pursuant to Statute,

(e) awarding costs of suit; and

(f) any other relief that is appropriate and just.

Date: September 14, 2009

Respectfully Submitted,

By: *Nelson M. Stern*
Nelson M. Stern

ATTORNEY AT LAW

115 East 87th Street
Suite 7C
New York, NY  10128
Email:  Scooterlawyer@aol.com
Tel: (212) 223-8330
Fax: 646-349-4098
*Attorney for Plaintiff*

AFFIDAVIT OF SERVICE

Nelson M. Stern, an attorney duly admitted to practice before the courts of the State of New York, makes this affirmation under the penalties of perjury:

1) I am over the age of 18.

2) On the below stated date, I served the below listed document on the following parties by depositing a true copy thereof enclosed in a wrapper, and with sufficient postage and mailing the same with the U.S. Mail:

Third Amended Complaint

Jackson Lewis

Margaret Armstrong Weiner

One North Broadway, 15th Floor

White Plains, NY 10601

Executed: May 24, 2009

                Nelson M. Stern

                _____

                Nelson M. Stern